IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

DAVIS HINES,

    Plaintiff,

v.

    Case No. 1:14-cv-01266-JDB-egb

D&S Residential Services,
D&S Community Services, and
Angela Strayhorn,

    Defendants.

## REPORT AND RECOMMENDATION

On May 7, 2015, the Magistrate Judge ordered Plaintiff to amend his Complaint within fourteen days, to establish the four elements of his retaliation claim, particularly establishing how the work environment was hostile and threatening. Plaintiff requested and received an extension of time, and Plaintiff timely filed an Amended Complaint on June 5, 2015.

As previously noted[1], Title VII prohibits an employer from retaliating against an employee "because [the employee] has opposed [violations of Title VII], or because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a). A plaintiff who has no direct

---

[1] D.E. 7, May 7, 2015.

evidence of retaliation can establish retaliation with circumstantial evidence under the *McDonnell-Douglas* framework. *DiCarlo v. Potter*, 358 F.3d 408, 420 (6th Cir. 2004). The plaintiff must make out a prima facie case of retaliation by establishing four elements: (1) the plaintiff engaged in an activity protected by Title VII; (2) the defendant knew that the plaintiff exercised his or her rights; (3) the defendant took an employment action against the plaintiff that a reasonable employee would have found materially adverse; and (4) there was a causal connection between the protected activity and the adverse employment action. *Burlington Northern & Santa Fe Ry. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 2415, 165 L. Ed. 2d 345 (2006); *DiCarlo*, 358 F.3d at 420.

Per the Court's request, Plaintiff has amended his claim to include allegations of how the work environment was hostile and threatening sufficient to survive the initial screening.

As to Plaintiff's claim for racial and gender discrimination, the Magistrate Judge recommends that these claims be DISMISSED. As discussed in the Magistrate Judge's May 7, 2015 Order, Plaintiff fails to state a claim for either type of discrimination because on the facts alleged, he cannot establish that he was subject to an adverse employment action. An adverse employment action requires a materially adverse change in the terms and conditions of employment. Here,

Plaintiff has alleged that after he requested a pay raise he received one. He was given two written warnings for complaints, and Plaintiff on the day of the second final warning chose to submit his two weeks' notice and resign from the job.

Therefore, only the allegations of retaliation are sufficient to survive screening, and all other claims are recommended to be dismissed. The Magistrate Judge further recommends that the Clerk issue process for Defendants, and deliver that process to the United States Marshal for service.

Respectfully submitted this 29th day of June, 2015.

<u>s/Edward G. Bryant</u>
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**