IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

DAVIS HINES,

    Plaintiff,

v.                                          No. 14-1266

D&S RESIDENTIAL SERVICES,
D&S COMMUNITY SERVICES and
ANGELA STRAYHORN,

    Defendants.

---

ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING CASE

---

This action was brought on October 7, 2014, by the *pro se* Plaintiff, Davis Hines, against the Defendants, D&S Residential Services, D&S Community Services and Angela Strayhorn, alleging retaliation and employment discrimination on the bases of race and sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (D.E. 1.) In an order docketed May 7, 2015, United States Magistrate Judge Edward G. Bryant directed Hines to amend his complaint in order to sufficiently allege his retaliation claim. (D.E. 6.) The amended pleading was filed on June 5, 2015. (D.E. 9.) On June 29, 2015, Judge Bryant entered a report and recommendation in which he recommended to the undersigned that the discrimination claims be dismissed and the retaliation claim be allowed to proceed. (D.E. 10.) There being no objections thereto, this Court, in an order entered July 20, 2015, adopted the report and recommendation, dismissed the discrimination claims and directed the Clerk of Court to issue process on the remaining claim. (D.E. 11.)

Time passed, during which the parties participated in a scheduling conference with the magistrate judge on September 17, 2015, and the Defendants moved on August 21, 2015, for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (D.E. 16) and to be excused from mandatory alternative dispute resolution on October 1, 2015 (D.E. 26). The latter motion was granted on October 2, 2015. (D.E. 27.) On September 22, 2015, the magistrate judge granted the joint motion of the parties to set the deadline for Plaintiff's response to the pending motion to dismiss at October 5, 2015. (D.E. 25.) When Hines failed to respond to the dispositive motion, the magistrate judge, in an order entered October 27, 2015, directed him to show cause within eleven days of the entry thereof why the Court should not impose sanctions, which could include dismissal of the action, for failure to comply with the orders of the Court. (D.E. 28.) The order specifically warned Hines that "[f]ailure to timely respond to this order may result in sanctions, including dismissal of the instant lawsuit." (*Id.* at 1.) The Plaintiff did not respond to the show cause order. Nor did he respond to the Rule 12(b)(6) motion. On November 16, 2015, the Defendants moved for dismissal under Fed. R. Civ. P. 41(b) for failure to prosecute. (D.E. 29.) Judge Bryant recommended on November 19, 2015, that the Defendants' Rule 41(b) motion be granted. (D.E. 30.) Hines was advised that any objections to the magistrate judge's report and recommendation must be filed within fourteen days after service. The time for such objections has expired with no filing of any kind from the Plaintiff.

Rule 41(b) provides for dismissal of claims, on motion of the defendant, for failure of the plaintiff "to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order . . ." Fed. R. Civ. P. 41(b). A district court may utilize the Rule "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. Am. Tel. & Tel. Co.,* 176 F.3d 359, 363 (6th Cir. 1999) (internal quotation

marks omitted). The Sixth Circuit has articulated four factors to guide the district courts in assessing whether dismissal for failure to prosecute is warranted:

> (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned in advance about the possibility of dismissal for noncompliance or non-cooperation; and (4) whether less drastic sanctions were imposed or contemplated before the order of dismissal.

*Prime Finish, LLC v. ITW Deltar IPAC*, 608 F. App'x 310, 313-14 (6th Cir. 2015) (citing *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008)); *see Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (noting that the factors are "merely guideposts or points of departure" rather than required elements). While a harsh sanction, dismissal is appropriate where there is a "clear record of delay or contumacious conduct by the plaintiff," even where the plaintiff is representing himself. *Shavers v. Bergh*, 516 F. App'x 568, 570 (6th Cir. 2013) (per curiam); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "Contumacious" has been defined as "perverse in resisting authority and stubbornly disobedient." *Schafer*, 529 F.3d at 737 (internal quotation marks omitted).

With respect to the first factor, "[w]illfulness, bad faith, or fault is demonstrated when a plaintiff's conduct evidences either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Shavers*, 516 F. App'x at 570 (quoting *Schafer*, 529 F.3d at 737) (internal quotation marks omitted). Willfulness and fault have been found where the plaintiff's conduct indicated "an intention to let his case lapse." *See Schafer,* 529 F.3d at 739. Hines was engaged in the proceedings at the beginning of this litigation, appearing at a scheduling conference and participating in a motion with the Defendants. Then, his pursuit of the case ended without explanation. While there is no evidence to suggest Hines has acted in bad faith, he is clearly at fault, and acted willfully in drawing these

3

proceedings to a halt. *See id.; see also Ratfisch v. Bay Cty. Jail*, Case No. 14-13722, 2015 WL 7292564, at *2 (E.D. Mich. Oct. 26, 2015) (where *pro se* plaintiff failed to timely respond to defendant's motion to compel discovery and order to show cause, first factor weighed in favor of dismissal), *report & recommendation adopted,* 2015 WL 7273222 (E.D. Mich. Nov. 18, 2015). The first consideration supports dismissal.

"A defendant is prejudiced by the plaintiff's conduct where the defendant wasted time, money, and effort in pursuit of cooperation which the plaintiff was legally obligated to provide." *Shavers*, 516 F. App'x at 570. Where defendants necessarily expended time and resources in defending the case, plaintiff's conduct prejudiced their pursuit of the case to its resolution. *Id.* Here, some motions have been filed by the Defendants; but it appears no significant, or perhaps any, discovery had been taken or attempted. The litigation is in its early stages. This factor weighs in favor of the Defendants, although perhaps not to any great extent.

The third factor, described as a "key consideration" in the dismissal analysis, *Schafer*, 529 F.3d at 740, 742, also favors the Defendants. Hines was undisputedly on notice from the Court in its October 27, 2015, show cause order that his failure to respond could result in dismissal of his lawsuit. His noncompliance with the order constitutes the contumacious conduct required for dismissal. *See Steward v. City of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (*pro se* plaintiff's failure to comply with a court order after express warning that such failure would result in dismissal qualified as contumacious conduct and justified dismissal).

As for the fourth consideration, dismissal is appropriate where the action "amounted to failure to prosecute and no alternative sanction would protect the integrity of pre-trial procedures." *Kemp v. Robinson,* 262 F. App'x 687, 692 (6th Cir. 2007) (quoting *Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980)). "[A] district court does not abuse its

discretion by dismissing a case when other sanctions might be workable as long as dismissal is supported by the facts." *Bullard v. Roadway Exp.*, 3 F. App'x 418, 421 (6th Cir. 2001) (per curiam). Considering Hines' utter failure to continue to cooperate in this lawsuit, the Court cannot conceive of a lesser sanction that would have any likelihood of convincing Plaintiff to move this case forward, as he has apparently abandoned his cause of action. This factor also falls onto the Defendants' side of the scale. *See Ratfisch*, 2015 WL 7292564, at *2 (because plaintiff had apparently abandoned his case, the court "[saw] no utility in considering or imposing lesser sanctions"; accordingly, fourth factor supported dismissal).

Based on the Court's finding that none of the considerations militate in favor of the Plaintiff, the report and recommendation of the magistrate judge is ADOPTED and the case is DISMISSED in its entirety[1]  The Clerk of Court is DIRECTED to enter judgment for the Defendants.

IT IS SO ORDERED this 17th day of December 2015.

                                                s/ J. DANIEL BREEN
                                                CHIEF UNITED STATES DISTRICT JUDGE

---

[1]The Court recognizes that the magistrate judge's November 19, 2015, report and recommendation was entered only three days after the Defendants moved for dismissal for failure to prosecute under Rule 41(b), without waiting the fourteen days provided for in the local rules of this district for response to such a motion. However, despite his recommendation that the Defendants' November 16, 2015, motion be granted, it is clear from a reading of the report that the actual, and only, basis for the recommendation was Hines' failure to respond to the August 21, 2015, motion for Rule 12(b)(6) dismissal and the October 27, 2015, order to show cause. For the reasons explained herein, these failures on the part of the Plaintiff to pursue his claims are sufficient to warrant dismissal without consideration of the November 16 motion to dismiss, and the report and recommendation is adopted insofar as it recommends dismissal on those bases. In any case, the Court notes that the time for filing a response to the November 16 motion to dismiss has also passed without a response from the Plaintiff.